IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANTONIO DUDLEY, (TDCJ #567960) | § § § | |
| Petitioner, | § § | |
| v. | § § | CIVIL ACTION NO. 4:18-cv-0270 |
| STUART JENKINS, et al., | § § § | |
| Respondents. | § | |

**MEMORANDUM AND ORDER**

Antonio Dudley, a Texas state inmate, seeks a writ of habeas corpus to challenge a parole revocation proceeding under 28 U.S.C. § 2254. He has filed a motion for leave to proceed *in forma pauperis*. Also pending are Dudley's motion for a settlement hearing upon his successive habeas petition claim, (Docket Entry No. 9), motion for appointment of counsel, (Docket Entry No. 11), motion for evidentiary hearing, (Docket Entry No. 12), and motion for order compelling discovery, (Docket Entry No. 13). After considering all of the pleadings and the applicable law, the Court dismisses this case for reasons that follow.

**I.     Background**

Dudley is incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ) as the result of his 1989 conviction in Harris County Cause Number 534058. Dudley was convicted of attempted murder and sentenced to a 50-year term. Dudley does not challenge the substance of his underlying conviction, but instead

challenges the substance and procedures that formed the basis for the revocation of his parole in April 2015.

In a federal habeas corpus petition dated January 15, 2018, Dudley contends he is entitled to relief on the following grounds: (1) TDCJ parole officials engaged in unlawful practices by conducting parole revocation proceedings in the manner of a criminal prosecution; (2) his parole revocation was retaliation for the text message he sent to his parole officer and a violation of his First Amendment right to free speech; (3) the Texas Court of Criminal Appeals deprived him of the opportunity to fully litigate his claims; and (4) the denial of his administrative appeal to the Parole Board violated his right to due process. (Docket Entry No. 1, at 2–4).

Court records reflect that Dudley has filed a previous federal habeas corpus petition, alleging similar, if not identical, claims in connection with the same 2015 parole revocation proceedings. *See Dudley v. Davis*, Civil No. 4:15-cv-3410 (S.D. Tex. 2016) (petition dismissed with prejudice on the merits). He has not sought permission to file this petition.

## II. Discussion

The pending petition filed by Dudley in this case is an unauthorized successive application under 28 U.S.C. § 2244(b). In that respect, before a second or successive application permitted by this section is filed in the district court, the applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). If the pending petition qualifies as a successive

writ, this Court has no jurisdiction to consider it absent prior authorization from the Fifth Circuit.

The Fifth Circuit has recognized that "a prisoner's application is not second or successive simply because it follows an earlier federal petition." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Rather, a later application is successive when it: "(1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *Id.* (citations omitted); *see also United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000). Dudley fails to demonstrate why he could not have raised the instant claims in his original federal habeas petition challenging his 2015 parole revocation. And court records reflect that Dudley raised similar claims in his prior federal habeas petition. *See Dudley*, Civil No. 4:15-cv-3410, Docket Entry No. 1. Thus, the pending petition meets the second-or-successive criteria.

The issue of whether a habeas corpus petition is successive may be raised by the district court *sua sponte*. *See Rodriguez v. Johnson,* 104 F.3d 694, 697 (5th Cir. 1997). Because the pending petition is successive, Dudley must seek authorization from the Fifth Circuit before this Court can consider his application. *See* 28 U.S.C. § 2244(b)(3)(A). "Indeed, the purpose of [28 U.S.C. § 2244(b)] was to eliminate the need for the district courts to repeatedly consider challenges to the same conviction unless an appellate panel first found that those challenges had some merit." *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (citing *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998)). Absent such authorization, this

Court lacks jurisdiction over the petition. *Id.* at 775. Accordingly, the petition must be dismissed as an unauthorized successive writ.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. *See* 28 U.S.C. § 2253. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).

For reasons set forth above, this Court concludes that jurists of reason would not debate whether any procedural ruling in this case was correct or whether Dudley states a valid claim for relief. Therefore, a certificate of appealability will not issue.

## IV. Conclusion and Order

Based on the foregoing, the Court **ORDERS** as follows:

1. Dudley's motion for leave to proceed *in forma pauperis,* (Docket Entry No. 2), is **GRANTED**.

2. Dudley's motion for a settlement hearing upon his successive habeas petition claim, (Docket Entry No. 9), motion for appointment of counsel, (Docket Entry No. 11), motion for evidentiary hearing, (Docket Entry No. 12), and motion for order compelling discovery, (Docket Entry No. 13), are **DENIED** as moot.

3. The habeas corpus petition is **DISMISSED** without prejudice, for lack of jurisdiction as an unauthorized successive application.

4. A certificate of appealability is **DENIED**.

SIGNED at Houston, Texas, on APR 1 0 2018.

ALFRED H BENNETT
UNITED STATES DISTRICT JUDGE